**COMMONWEALTH of Kentucky, Appellant,**

v.

**Rebecca TURNER, a Child, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1983.

Steven L. Beshear, Atty. Gen., Frankfort, Joseph R. Kirwan, Sp. Asst. Atty. Gen., Bowling Green, for appellant.

Kelly Thompson, Warren County Public Advocate, Thomas F. Chimera, Asst. Public Advocate, Bowling Green, for appellee.

Before HAYES, C.J., and WHITE and HOGGE, JJ.

WHITE, Judge.

This action, on discretionary review from the Warren Circuit Court, requires the interpretation of KRS 208.194(2) as a matter of first impression. The statute reads as follows:

If a child is sixteen (16) years of age or older, and is adjudicated delinquent in the commission of a felony offense or found guilty of a felony offense and has previously been adjudicated delinquent of a felony offense or found guilty of a felony offense in two (2) or more separate adjudications, the sentencing court in its discretion may commit the child to the cabinet for purposes of institutionalization for an indeterminate period of time of not less than six (6) months.

The Commonwealth, as did the District Court below, argues that the proper structuring of that subsection is that institutionalization may be directed if one of three conditions exists:

the child is adjudicated delinquent in the commission of a felony offense; OR

the child is found guilty of a felony offense and had previously been adjudicated delinquent of a felony offense; OR

the child is found guilty of a felony offense in two or more separate adjudications.

The Warren Circuit Court reversed the District Court by holding that a previous felony adjudication or conviction was necessary for institutionalization under subsection (2). In doing so it adhered to appellee's position that the statute is to be read:

If a child is sixteen (16) years of age or older and is adjudicated delinquent in the commission of a felony offense or found guilty of a felony offense,

AND (EITHER)

has previously been adjudicated delinquent of a felony offense or found guilty of a felony offense in two or more separate adjudications institutionalization may be directed.

After considering the statute in its entirety, we resolve that the appellee's interpretation is the more reasonable. KRS 208.194(1) gives the District Court the discretionary authority to institutionalize a child sixteen (16) years or older upon adjudication or determination of guilt of a capital offense, a Class A felony, or a Class B felony. No showing of a previous adjudication or conviction is required; the capital offense, Class A felony, or Class B felony stands alone.

Given such, it is unrealistic to suggest, as the Commonwealth would have it, that subsection (2) would permit institutionalization if the child is adjudicated delinquent in the commission of ANY felony offense. Subsection (2) simply recognized that for felonies other than those delineated in subsection (1), *i.e.* the lesser classifications of C and D, institutionalization may be directed only when linked to previous felonious assessments. This clearly recognizes the policy that juveniles are treated less harshly than adults and that "second chances" are granted.

Accordingly, the Order reversing and remanding to the District Court for disposition under KRS 208.194(2) as interpreted by the Warren Circuit Court is affirmed.

All concur.